IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-CR-00059-RLV-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JULIAN ALEXANDER ZUK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Government's Restitution Memorandum (Doc. 95). Pursuant to a written plea agreement, Defendant pled guilty to one count of possession of, or access with the intent to view, child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Docs. 49, 51). Defendant appeared before this Court for sentencing on June 16, 2017, June 17, 2017, and again on October 5, 2016. At the October 5, 2016 sentencing hearing, this Court pronounced Defendant's term of imprisonment and term of supervised release and stated an intent to impose restitution. (Doc. 94 at 33-39, 45-46). The Court, however, left open, for ninety days, the matter of the amount of restitution. *Id.* at 45-46; *see* 18 U.S.C. § 3664(d)(5) (allowing court to leave open issue of restitution for ninety days after sentencing). The Court issued its written judgment of sentence on October 11, 2016. (Doc. 86). On January 11, 2016, the Government submitted its Restitution Memorandum, which identifies ten victims, requests a restitution amount of $2,500.00 for each victim, and indicates that Defendant consents to the restitution amounts listed in the Memorandum.[1] (Doc. 95).

---

[1] The Court notes that the Government filed its Restitution Memorandum a few days outside of the ninety-day period for which the Court left restitution open. Where a court expresses an intent to impose restitution at sentencing, the court does not lose its authority to order restitution if the ninety-day period elapses because the ninety-day period primarily protects the victim's right to receive full restitution in a timely manner. *Dolan v. United States*, 560 U.S. 605, 610-14 (2010). Accordingly, while the Court reminds the Government that the extension period in 18 U.S.C. § 3664(d)(5) is based in days rather than months, the Court, concluding that Defendant has not been prejudiced by the Government's slight delay in filing its Restitution Memorandum, will exercise its power to order restitution.

**IT IS, THEREFORE, ORDERED** that, based on the reasons set forth in the Government's Restitution Memorandum and in the Mandatory Victim Restitution Act, 18 U.S.C. § 3664, the Judgment in this case (Doc. 86) shall be amended to include a final restitution figure of $25,000.00 in the amounts listed in the Memorandum (Doc. 95 at 6). The restitution amounts shall be distributed pursuant to the Government's Restitution Memorandum. (*See* Doc. 95 at 2-5). All other terms of the original Judgment remain unchanged.

The Clerk is directed to certify copies of this order to Defendant, counsel for Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the Financial Administration Unit of the Clerk's Office.

Signed: January 31, 2017

Richard L. Voorhees
United States District Judge